**Exhibit A**

Robert J. Drexler, Jr. (SBN 119119)
Robert.Drexler@capstonelawyers.com
Stan Karas (SBN 222402)
Stan.Karas@capstonelawyers.com
Katherine Kehr (SBN 226559)
Katherine.Kehr@capstonelawyers.com
Jonathan Lee (SBN 267146)
Jonathan.Lee@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiff Jimmy Greer

**FILED**
**Superior Court Of California,**
**Sacramento**
**03/19/2015**
emedina
**By_____ , Deputy**
Case Number:
**34-2015-00176790**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| JIMMY GREER, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DICK'S SPORTING GOODS, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);<br>(3) Violation of Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);<br>(4) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);<br>(5) Violation of California Labor Code § 2802 (Unreimbursed Business Expenses); and<br>(6) Violation of California Business & Professions Code §§ 17200, *et seq.*<br><br>**Jury Trial Demanded** |

Plaintiff, individually and on behalf of all other members of the public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.    This class action is brought pursuant to California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.    This Court has jurisdiction over all Defendants because, upon information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

4.    Venue is proper in this Court because Defendants have designated a principal place of business in the State of California within this county.

## THE PARTIES

5.    Plaintiff Jimmy Greer is a resident of Fresno, California.

6.    Defendant DICK'S SPORTING GOODS, INC. ("DICK'S SPORTING"), was and is, upon information and belief, a Delaware corporation doing business, at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America. DICK'S SPORTING is a foreign corporation with headquarters located in Coraopolis, Pennsylvania. DICK'S SPORTING has designated its principle office in the State of California in Sacramento, California, County of Sacramento.

7.    Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and

1   capacities become known.

2       8.      Plaintiff is informed and believes, and thereon alleges, that each and all of the

3   acts and omissions alleged herein were performed by, or are attributable to, DICK'S

4   SPORTING and/or DOES 1 through 100 (collectively "Defendants"), each acting as the agent,

5   employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-

6   Defendants and was acting within the course and scope of such agency, employment, joint

7   venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any

8   and all Defendants represent and were in accordance with Defendants' official policy.

9       9.      At all relevant times, Defendants, and each of them, ratified each and every act

10  or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

11  and abetted the acts and omissions of each and all the other Defendants in proximately causing

12  the damages herein alleged.

13      10.     Plaintiff is informed and believes, and thereon alleges, that each of said

14  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

15  omissions, occurrences, and transactions alleged herein.

16                          **CLASS ACTION ALLEGATIONS**

17      11.     Plaintiff brings this action on his own behalf, as well as on behalf of each and

18  all other persons similarly situated and thus seeks class certification under California Code of

19  Civil Procedure section 382.

20      12.     All claims alleged herein arise under California law for which Plaintiff seeks

21  relief authorized by California law.

22      13.     Plaintiff's proposed class consists of and is defined as follows:

23              All persons who are or were employed by Defendants as
                nonexempt, hourly-paid employees in California at a Dick's
24              Sporting Goods retail or outlet store within four years prior to
                the filing of this complaint until the date of certification
25              ("Class").

26      14.     Members of the Class will hereinafter be referred to as "class members."

27      15.     Plaintiff reserves the right to redefine the Class and to add subclasses as

28  appropriate based on further investigation, discovery, and specific theories of liability.

CLASS ACTION COMPLAINT

16.     There are common questions of law and fact as to the class members that predominate over questions affecting only individual members, including, but not limited to:

    (a)    Whether Defendants required Plaintiff and class members to work off-the-clock without payment;

    (b)    Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiff and class members;

    (c)    Whether Defendants failed to pay minimum wages to Plaintiff and class members for all hours worked;

    (d)    Whether Defendants failed timely to pay wages due to Plaintiff and class members during their employment, including, but not limited to, overtime wages and minimum wages;

    (e)    Whether Defendants failed timely to pay wages due to Plaintiff and class members upon their discharge, including, but not limited to, overtime wages and minimum wages;

    (f)    Whether Defendants reimbursed Plaintiff and class members for business-related expenses they incurred as a result of their employment;

    (g)    Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful or reckless;

    (h)    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

    (i)    The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

17.     There is a well-defined community of interest in the litigation and the class is readily ascertainable:

    (a)    <u>Numerosity</u>:  The members of the class are so numerous that joinder of

CLASS ACTION COMPLAINT

1    all members would be unfeasible and impractical.  The membership of

2    the entire class is unknown to Plaintiff at this time; however, the class is

3    estimated to be over 100 and the identity of such membership is readily

4    ascertainable by inspection of Defendants' employment records.

5    (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately

6    protect the interests of each class member with whom he has a well-

7    defined community of interest, and Plaintiff's claims (or defenses, if

8    any) are typical of all Class Members' as demonstrated herein.

9    (c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately

10    protect the interests of each class member with whom he has a well-

11    defined community of interest and typicality of claims, as demonstrated

12    herein.  Plaintiff acknowledges that he has an obligation to make known

13    to the Court any relationship, conflicts or differences with any class

14    member.  Plaintiff's attorneys, the proposed class counsel, are versed in

15    the rules governing class action discovery, certification, and settlement.

16    Plaintiff has incurred, and throughout the duration of this action, will

17    continue to incur costs and attorneys' fees that have been, are, and will

18    be necessarily expended for the prosecution of this action for the

19    substantial benefit of each class member.

20    (d)    Superiority:  The nature of this action makes the use of class action

21    adjudication superior to other methods.  A Class action will achieve

22    economies of time, effort, and expense as compared with separate

23    lawsuits and will avoid inconsistent outcomes, because the same issues

24    can be adjudicated in the same manner and at the same time for the

25    entire class.

26    (e)    Public Policy Considerations:  Employers in the State of California

27    violate employment and labor laws every day.  Current employees are

28    often afraid to assert their rights out of fear of direct or indirect

1   retaliation.  Former employees are fearful of bringing actions, because

2   they believe their former employers might damage their future

3   endeavors through negative references and/or other means.  Class

4   actions provide the class members who are not named in the complaint

5   with a type of anonymity that allows for the vindication of their rights

6   while simultaneously protecting their privacy.

7   **GENERAL ALLEGATIONS**

8       18.    Defendants own and operate a chain of retail stores under the name "Dick's

9   Sporting Goods" and sell sports equipment, sports apparel and footwear.  Founded in 1948

10  and headquartered in Coraopolis, Pennsylvania, Defendants operate one of the largest sporting

11  goods retailers worldwide.  According to Defendants' 10-K Annual Report for the fiscal year

12  ending February 1, 2014, Defendants operate 558 Dick's Sporting Goods stores in 46 states,

13  including California.

14      19.    Defendants employed Plaintiff Jim Greer as a non-exempt, hourly-paid

15  employee from approximately May 2011 to October 2012 at Defendants' Fresno, California,

16  store location, store number 622.  During his employment, Plaintiff Greer worked full-time as

17  a Key Carrier and Sales Leader in Defendants' Hunting Department.  Plaintiff Greer typically

18  worked eight (8) or more hours per day and five (5) days per week.

19      20.    Defendants continue to employ non-exempt, hourly-paid employees in various

20  locations throughout California.

21      21.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

22  mentioned, Defendants were advised by skilled lawyers and other professionals, employees

23  and advisors knowledgeable about California labor and wage law, employment and personnel

24  practices, and about the requirements of California law.

25      22.    Plaintiff is informed and believes, and thereon alleges, that class members were

26  not paid for all hours worked, because all hours worked were not recorded.

27      23.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

28  should have known that Plaintiff and class members were entitled to receive certain wages for

Page 5

CLASS ACTION COMPLAINT

1    overtime compensation and that they were not receiving certain wages for overtime
2    compensation.

3         24.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
4    should have known that Plaintiff and class members were entitled to receive at least minimum
5    wages for compensation and that, in violation of the California Labor Code, they were not
6    receiving at least minimum wages for work done off-the-clock.

7         25.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
8    should have known that Plaintiff and class members were entitled to timely payment of wages
9    during their employment. In violation of the California Labor Code, Plaintiff and class
10   members did not receive payment of all wages, including, but not limited to, overtime wages
11   and minimum wages, within permissible time periods.

12        26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
13   should have known that Plaintiff and class members were entitled to receive all wages upon
14   termination. In violation of the California Labor Code, Plaintiff and class members did not
15   receive payment of all wages, including, without limitation, overtime wages and minimum
16   wages, within permissible time periods.

17        27.    Plaintiff is informed and believes, and thereon alleges, that at all times herein
18   mentioned, Defendants knew or should have known that they had a duty to compensate
19   Plaintiff and class members, and that Defendants had the financial ability to pay such
20   compensation but willfully, knowingly, and intentionally failed to do so, and falsely
21   represented to Plaintiff and class members that they were properly denied wages, all in order
22   to increase Defendants' profits.

23                          **FIRST CAUSE OF ACTION**

24       **Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

25                          **(Against All Defendants)**

26        28.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each
27   and every allegation set forth above.

28        29.    California Labor Code section 1198 makes it illegal to employ an employee

CLASS ACTION COMPLAINT

under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

30.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

31.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

32.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members employed by Defendants, and working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.

33.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

34.     During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and class members. Plaintiff and class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because

1    all hours worked were not recorded.

2        35.    Defendants had, and continue to have, a written Loss Prevention Standards

3    policy requiring Plaintiff and class members to undergo security bag checks each time they

4    leave the store premises. After clocking out for their meals breaks and/or at the end of their

5    shifts, Plaintiff and class members were required to wait off-the-clock for another employee to

6    become available to perform a security bag check before they could leave. Defendants'

7    written Loss Prevention Standards policy provides, in relevant part, that employees must carry

8    their "jacket, bags, and other personal belongings to the approved associate exist when [they]

9    leave the building and request that a member of management, Sales Leader or Front End

10    Coordinator inspect [their] personal belongings."

11        36.    Further, Defendants timekeeping systems are located at the back of their retail

12    stores, while Plaintiff and class members were required to undergo security bag checks at the

13    front of their stores after they had already clocked out. For example, Plaintiff carried his

14    backpack to work and after clocking out at the back of the store for the end of his shift or a

15    meal break, was required to undergo a security bag check at the front of the store. After

16    clocking out and then walking to the front of the store, Plaintiff had to wait for another

17    employee to become available to perform the security bag check before he was permitted to

18    leave.

19        37.    Defendants knew or should have known that its Loss Prevention Standards

20    policy caused Plaintiff and class members to incur off-the-clock time after punching out based

21    on the location of Defendants' timekeeping system at the back of stores and requiring security

22    bag checks to take place at the front of their stores. However, Defendants did not compensate

23    Plaintiff and class members for the time they spent off-the-clock to undergo security bag

24    checks.

25        38.    To the extent that the time Plaintiff and class members were subjected to security

26    bag checks pursuant to Defendants' Loss Prevention Policy qualified for overtime pay,

27    Defendants failed to pay Plaintiff and class members overtime wages in violation of California

28    Labor Code §§ 510 and 1198.

CLASS ACTION COMPLAINT

39.     Pursuant to California Labor Code §§ 558 and 1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation, civil penalties, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages
### (Against All Defendants)

40.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

41.     At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.

42.     As stated, Defendants had, and continue to have, a written Loss Prevention Standards policy mandating that Plaintiff and class members undergo security bag checks before leaving the store premises.  Specifically, after clocking out for their meal breaks and/or at the end of their shifts, Plaintiff and class members were required to wait off-the-clock for another employee to become available to perform the security bag check before they could leave.  Plaintiff was required to wait "off-the-clock" for another employee to perform the security bag check before he was permitted to leave the store premises.  Defendants did not pay at least minimum wages for the time Plaintiff and class members spent waiting to undergo security bag checks that would have qualified for overtime pay.  Also, to the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay even minimum wages for those hours in violation of California Labor Code sections 1194, 1197, and 1197.1.

43.     Defendants' failure to pay Plaintiff and class members the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1.  Pursuant to those sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney's fees.

44.     Pursuant to California Labor Code section 1194.2, Plaintiff and class members

CLASS ACTION COMPLAINT

1  are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid

2  and interest thereon.

### THIRD CAUSE OF ACTION

**Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon**

**Termination**

**(Against All Defendants)**

7    45.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

8  and every allegation set forth above.

9    46.    This cause of action is dependent upon, and wholly derivative of, the overtime

10  wages and minimum wages that were not timely paid to Plaintiff and those class members no

11  longer employed by Defendants upon their termination.

12    47.    At all times herein set forth, California Labor Code sections 201 and 202

13  provide that if an employer discharges an employee, the wages earned and unpaid at the time

14  of discharge are due and payable immediately, and that if an employee voluntarily leaves his

15  or her employment, his or her wages shall become due and payable not later than seventy-two

16  (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

17  his or her intention to quit, in which case the employee is entitled to his or her wages at the

18  time of quitting.

19    48.    During the relevant time period, Defendants willfully failed to pay Plaintiff and

20  class members who are no longer employed by Defendants the earned and unpaid wages set

21  forth above, including, but not limited to, overtime wages and minimum wages, either at the

22  time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

23    49.    Defendants' failure to pay Plaintiff and those class members who are no longer

24  employed by Defendants their wages earned and unpaid at the time of discharge, or within

25  seventy-two (72) hours of their leaving Defendants' employ, is in violation of California

26  Labor Code sections 201 and 202.

27    50.    California Labor Code section 203 provides that if an employer willfully fails

28  to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

CLASS ACTION COMPLAINT

1    shall continue as a penalty from the due date, and at the same rate until paid or until an action

2    is commenced, but the wages shall not continue for more than thirty (30) days.

3        51.    Plaintiff and class members are entitled to recover from Defendants the

4    statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up

5    to a thirty (30) day maximum pursuant to California Labor Code section 203.

6                          **FOURTH CAUSE OF ACTION**

7                    **Violation of California Labor Code §204 –**

8                    **Wages Not Timely Paid During Employment**

9                          **(Against All Defendants)**

10       52.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

11   and every allegation set forth above.

12       53.    This cause of action is dependent upon, and wholly derivative of, the overtime

13   wages and minimum wages that were not timely paid during Plaintiff's and class members'

14   employment.

15       54.    At all times herein set forth, California Labor Code section 204 provides that

16   all wages earned by any person in any employment between the 1st and the 15th days,

17   inclusive, of any calendar month, other than those wages due upon termination of an

18   employee, are due and payable between the 16th and the 26th day of the month during which

19   the labor was performed.

20       55.    At all times herein set forth, California Labor Code section 204 provides that

21   all wages earned by any person in any employment between the 16th and the last day,

22   inclusive, of any calendar month, other than those wages due upon termination of an

23   employee, are due and payable between the 1st and the 10th day of the following month.

24       56.    At all times herein set forth, California Labor Code section 204 provides that

25   all wages earned for labor in excess of the normal work period shall be paid no later than the

26   payday for the next regular payroll period.

27       57.    During the relevant time period, Defendants failed to pay Plaintiff and other

28   class members all wages due to them, including, but not limited to, overtime wages and

1  minimum wages, within any time period specified by California Labor Code section 204.

2       58.    Plaintiff and the class members are entitled to recover all statutory penalties

3  and remedies available for violations of California Labor Code section 204.

4  **FIFTH CAUSE OF ACTION**

5  **Violation of California Labor Code § 2802 - Unpaid Business-Related Expenses**

6  **(Against all Defendants)**

7       59.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

8  and every allegation set forth above.

9       60.    At all times herein set forth, California Labor Code section 2802 provides that

10  an employer must reimburse employees for all necessary expenditures incurred by the

11  employee in direct consequence of the discharge of his or her job duties.

12       61.    During the relevant time period, Plaintiff and other class members incurred

13  necessary business-related expenses and costs that were not fully reimbursed by Defendants,

14  including, but not limited to, the cost for uniforms.  Defendants had, and continue to have, a

15  policy requiring Plaintiff and class members to purchase clothing of a unique and distinctive

16  design, such as high end performance wear, as part of their uniform, to be worn while at work.

17  Defendants had, and continue to have, a written policy prescribing acceptable items to be worn

18  while at work, depending on the employee's respective department and/or position.

19       62.    For example, Defendants' policy includes a "Lodge Look," which requires all

20  associates scheduled to work in the Fishing, Hunting and Camping departments adhere to,

21  requires that employees wear items including, but not limited to, camouflage print shirts, fishing

22  shirts, outdoor brand shirts such as Koppen, The North Face, Columbia, Marmot, etc. in

23  performance or cotton fabric, or clothing brand logo'd shifrts for those brands sold by

24  Defendants.  To comply with Defendants' uniform Lodge Look requirements, Plaintiff purchased

25  at least four Koppen performance brand shirts but was not reimbursed for these items.

26  Defendants had, and continue to have, a practice and/or policy of not reimbursing Plaintiff and

27  other class members for the costs incurred as a result.

28       63.    Defendants have intentionally and willfully failed to fully reimburse Plaintiff

Page 12

1 and other class members for necessary business-related expenses and costs.

2      64.    Plaintiff and other class members are entitled to recover from Defendants their

3 business-related expenses incurred during the course and scope of their employment, plus

4 interest.

5 **SIXTH CAUSE OF ACTION**

6 **Violation of California Business & Professions Code §§ 17200, et seq.**

7 **(Against All Defendants)**

8      65.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

9 and every allegation set forth above.

10      66.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

11 unlawful and harmful to Plaintiff and class members and to the general public.  Plaintiff seeks

12 to enforce important rights affecting the public interest within the meaning of Code of Civil

13 Procedure section 1021.5.

14      67.    Defendants' activities, as alleged herein, are violations of California law and

15 constitute unlawful business acts and practices in violation of California Business &

16 Professions Code sections 17200, *et seq.*

17      68.    A violation of California Business & Professions Code sections 17200, *et seq.*

18 may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

19 policies and practices have violated state law in at least the following respects:

20          (a)    Requiring non-exempt employees, including Plaintiff and class

21                  members, to work overtime without paying them proper compensation

22                  in violation of California Labor Code sections 510 and 1198 and the

23                  applicable IWC Order;

24          (b)    Failing to pay at least minimum wages to Plaintiff and class members in

25                  violation of California Labor Code sections 1194, 1197 and 1197.1 and

26                  the applicable IWC Order as alleged;

27          (c)    Failing timely to pay all earned wages to Plaintiff and class members in

28                  violation of California Labor Code section 204 and the applicable IWC

Page 13

<small>CLASS ACTION COMPLAINT</small>

1    Order; and

2    (d)    Failing to reimburse Plaintiff Greer and class members for all business

3           expenses necessarily incurred in violation of California Labor Code

4           section 2802.

5    69.    California Labor Code section 1198 makes it illegal to employ an employee

6    under conditions of labor that are prohibited by the applicable wage order.  California Labor

7    Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

8    shall be the . . . standard conditions of labor for employees.  The employment of any employee

9    . . . under conditions of labor prohibited by the order is unlawful."

10   70.    Pursuant to California Business & Professions Code sections 17200 *et seq.*,

11   Plaintiff and class members are entitled to restitution of the wages withheld and retained by

12   Defendants during a period that commences four (4) years prior to the filing of this complaint;

13   a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

14   class members; an award of attorneys' fees pursuant to California Code of Civil Procedure

15   section 1021.5 and other applicable laws; and an award of costs.

16                          **REQUEST FOR JURY TRIAL**

17   Plaintiff requests a trial by jury.

18                             **PRAYER FOR RELIEF**

19   Plaintiff, on behalf of all others similarly situated, pray for relief and judgment against

20   Defendants, jointly and severally, as follows:

21   1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

22   excess of twenty-five thousand dollars ($25,000).

23                            **Class Certification**

24   2.    That this case be certified as a class action;

25   3.    That Plaintiff be appointed as the representative of the Class;

26   4.    That counsel for Plaintiff be appointed as Class Counsel.

27                      **As to the First Cause of Action**

28   5.    That the Court declare, adjudge, and decree that Defendants violated California

CLASS ACTION COMPLAINT

1   Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to
2   pay all overtime wages due to Plaintiff and class members;

3       6.      For general unpaid wages at overtime wage rates and such general and special
4   damages as may be appropriate;

5       7.      For pre-judgment interest on any unpaid overtime compensation commencing
6   from the date such amounts were due;

7       8.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to
8   California Labor Code section 1194(a); and

9       9.      For such other and further relief as the Court may deem equitable and
10  appropriate.

11              **As to the Second Cause of Action**

12      10.     That the Court declare, adjudge and decree that Defendants violated California
13  Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to
14  Plaintiff and class members;

15      11.     For general unpaid wages and such general and special damages as may be
16  appropriate;

17      12.     For pre-judgment interest on any unpaid compensation from the date such
18  amounts were due;

19      13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to
20  California Labor Code section 1194(a);

21      14.     For liquidated damages pursuant to California Labor Code section 1194.2; and

22      15.     For such other and further relief as the Court may deem equitable and
23  appropriate.

24              **As to the Third Cause of Action**

25      16.     That the Court declare, adjudge and decree that Defendants violated California
26  Labor Code sections 201, 202, and 203 by willfully failing to pay overtime wages and
27  minimum wages owed at the time of termination of the employment of Plaintiff and other
28  class members no longer employed by Defendants;

CLASS ACTION COMPLAINT

17.    For all actual, consequential and incidental losses and damages, according to proof;

18.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and all other class members who have left Defendants' employ;

19.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

20.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

21.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay overtime wages and minimum wages owed to Plaintiff and class members during their employment;

22.    For all actual, consequential and incidental losses and damages, according to proof;

23.    For statutory penalties pursuant to California Labor Code § 204 for Plaintiff and all other class members;

24.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

25.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

26.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-related expenses and costs incurred by Plaintiff and class members;

27.    For unpaid business-related expenses and such general and special damages as may be appropriate;

28.    For pre-judgment interest on any unpaid business-related expenses from the date such amounts were due;

1      29.    For all actual, consequential and incidental losses and damages, according to

2  proof; and

3      30.    For such other and further relief as the Court may deem equitable and

4  appropriate.

5  **As to the Sixth Cause of Action**

6      31.    That the Court declare, adjudge and decree that Defendants violated California

7  Business and Professions Code sections 17200, *et seq.* by failing to pay Plaintiff and class

8  members overtime compensation due, failing to pay at least minimum wages for all hours

9  worked, failing timely to pay all earned wages during employment, and failing to provide

10  reimbursement for business-related expenses;

11      32.    For restitution of unpaid wages to Plaintiff and all class members and

12  prejudgment interest from the day such amounts were due and payable;

13      33.    For the appointment of a receiver to receive, manage and distribute any and all

14  funds disgorged from Defendants and determined to have been wrongfully acquired by

15  Defendants as a result of violations of California Business & Professions Code sections 17200

16  *et seq.*;

17      34.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

18  California Code of Civil Procedure section 1021.5; and

19      35.    For such other and further relief as the Court may deem equitable and

20  appropriate.

21  Dated: March 18, 2015             Respectfully submitted,

22                           Capstone Law APC

23

24                           By: _____

25                           Robert J. Drexler, Jr.
                           Stan Karas

26                           Katherine Kehr
                         Jonathan Lee

27                           Attorneys for Plaintiff Jimmy Greer

28

CLASS ACTION COMPLAINT