UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY GREER, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DICK'S SPORTING GOODS, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:15-cv-01063-KJM-CKD<br><br><br>ORDER |

Before the court is plaintiff Jimmy Greer's motion for approval of proposed class notice and notice plan. Defendant Dick's Sporting Goods opposes the motion and alternately provides its own proposed notice. For reasons explained below, plaintiff's motion is GRANTED in part and DENIED in part and the parties are ORDERED to jointly file a revised notice within fourteen days of this order.

I.  BACKGROUND

Plaintiff Jimmy Greer ("plaintiff") filed a class action complaint on March 19, 2015, in Sacramento County Superior Court, alleging defendant Dick's Sporting Goods ("DSG") violated several provisions of the California Labor Code and California Business and Professions Code § 17200, *et seq.* Removal Not. Ex. A, Compl., ECF No. 1-1. DSG removed the action to this court, ECF No. 1, and plaintiff subsequently filed the operative first amended complaint, First Am. Comp. ("FAC"), ECF No. 14.

1

On April 13, 2017, the court granted plaintiff's motion to certify two subclasses under Federal Rule of Civil Procedure 23(b)(3). *See generally* Class Cert. Order, ECF No. 45. The first certified class is defined as:

> All non-exempt or hourly paid employees who worked for Defendant in its DSG retail stores within California at any time from March 18, 2011 until January 31, 2015 (the "Security Check Class").

*Id.* at 3. The second certified class is defined as:

> All non-exempt or hourly paid employees who worked for Defendant in its DSG retail stores within California at any time from March 18, 2011 until [April 13, 2017] (the "Business Reimbursement Class").

*Id.* at 4.

On January 10, 2018, the court denied without prejudice DSG's motion to stay this action pending the California Supreme Court's decisions on two questions certified by the Ninth Circuit. ECF No. 64. After DSG filed its motion to stay, but before the court issued its order denying the motion, plaintiff moved for approval of its proposed class notice and notice plan. Mot., ECF No. 55. DSG opposes the motion, contending (1) the court should stay this action and defer ruling on class notice until the stay is lifted, or, alternatively, (2) the court should approve DSG's proposed notice. Opp'n, ECF No. 56 at 4.[1] The court took the matter under submission after oral argument, Jan. 12, 2017 Hr'g Mins., ECF No. 65, and resolves the motion here.

II. <u>LEGAL STANDARD</u>

For classes certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175 (1974). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank &*

---

[1] All references to the parties' briefing and exhibits correspond to ECF page numbers, not the briefing and exhibits' internal pagination.

*Tr. Co.*, 339 U.S. 306, 314 (1950). Thus, "[t]he notice should describe the action and the plaintiffs' rights in it." *Id.* Under Rule 23(c)(2)(B),

> The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

Furthermore, "due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).

III. <u>DISCUSSION</u>

As noted, the parties submit dueling proposed notices. *See* Pl.'s Ex. 1, ECF No. 55-1 at 6-9; DSG Ex. 2, ECF No. 56-1 at 11-16. At hearing, the parties explained that although plaintiff's proposed notice incorporates certain DSG edits, plaintiff filed his motion for approval of class notice before the parties completed meet and confer efforts. Accordingly, DSG's opposition includes extensive suggested revisions to plaintiff's proposed notice. *See* DSG Ex. 2. Plaintiff's reply did not address DSG's proposed revisions. At hearing, plaintiff's counsel explained that plaintiff is chiefly concerned with DSG's proposed electronic opt-out methods, and his concerns with DSG's other proposed language, if any, are minor. Given the record before it, the court evaluates the dueling notices and ensures Rule 23(c)(2)(B)'s requirements are met. *See* Fed. R. Civ. P. 23(c)(2)(B).

3

A. The Parties' Proposed Notice Language

The following charts identify the parties' main points of disagreement. Plaintiff's proposed language is provided in plain text. DSG's objections are noted as strike-outs of plaintiff's language; DSG's proposed alternative language, if any, is indicated in italics. All the text in bold or underlined is also in bold or underlined in both parties' proposed notices, unless otherwise indicated.

1. Body of Notice

DSG proposes changes to discrete sections of the body of the notice, as reflected in the following chart:

| Section of Notice | Proposed Language |
|---|---|
| Caption | NOTICE OF *RIGHT TO PARTICIPATE IN OR OPT OUT OF* CLASS ACTION |
| Section entitled, **"WHY SHOULD I READ THIS NOTICE?"** | The purpose of this Notice is to inform you that your rights may be affected by the proceedings in a class action lawsuit pending before Judge Kimberly J. Mueller of the United States District Court for the Eastern District of California (the "Court"). The Court has ordered that this Notice be sent to you so that you can ~~be fully informed about the lawsuit and your rights and options in connection with it~~ *make an informed decision whether to remain in the lawsuit or request to be excluded from it*. |
| Section entitled, **"WHAT IS THE LITIGATION ABOUT?"** | Dick's denies Plaintiff's claims. It maintains that it correctly paid Security Check Class members for all time worked and that it is not required under California law to reimburse Business Reimbursement Class members for the cost of ~~any~~ *the* clothing ~~purchases for~~ *they wore to* work**,** *in part* because the Look Policy ~~did not require them~~ *instructed employees that they were not required* to purchase ~~any~~ *new* clothing for work. |
| Section entitled, "**WHO REPRESENTS THE CLASS?**" | As a member of the class, you also have the option to enter an appearance through an attorney of your choice. ~~If you choose to be represented by an attorney other than Class Counsel, you will be responsible retaining [*sic*] your own attorney.~~ |
| Section entitled, **"WHAT FEES AND COSTS ARE INVOLVED?"** | *Because* Class Counsel are representing the class on a contingency fee basis, ~~.~~ ~~C~~class members ~~may participate in any ultimate recovery without incurring~~ *will not incur* any out-of-pocket fees or costs. ~~That means that~~ Class Counsel will only be paid their fees and costs if ~~they~~ *Plaintiff* prevail*s* at trial or a settlement is reached. In that event, Class Counsel will make a request to the Court for attorneys' fees and costs, to be paid from any judgment or settlement. Applications for attorneys' fees and expenses are subject to Court approval. |

4

Pl.'s Ex. 1 at 6-10; DSG Ex. 2 at 11-15.

The court accepts DSG's proposed change to the caption. The certification notice should provide class members with sufficient information about the case to make an informed decision about their participation. *See* Manual For Complex Litigation (Fourth) ("MCL") § 21.311 (2004). DSG's caption accurately reflects that purpose.

The court rejects as unnecessary DSG's changes to the "WHY SHOULD I READ THIS NOTICE?" section; however, plaintiff's proposed language should be broken into discrete paragraphs, reading:

> The purpose of this Notice is to inform you that your rights may be affected by the proceedings in a class action lawsuit pending before Judge Kimberly J. Mueller of the United States District Court for the Eastern District of California (the "Court").
>
> The Court has ordered that this Notice be sent to you so that you can be fully informed about the lawsuit and your rights and options in connection with it.

The balance of this section proposed by plaintiff should remain unchanged.

The court accepts DSG's proposed changes to the "WHAT IS THE LITIGATION ABOUT?" section, as DSG's language more accurately represents DSG's position.

The court rejects DSG's proposed edit to section "WHO REPRESENTS THE CLASS?" because the proposed edit would strike important clarifying language. While the notice should include plaintiff's language, "for" should be inserted between "responsible" and "retaining."

The court rejects DSG's proposed change to the first sentence in the "WHAT FEES AND COSTS ARE INVOLVED?" section. It accepts DSG's proposed deletion in the second sentence of (1) "That means that" and (2) replacement of "they" with "Plaintiff," but requires the addition to read, "Plaintiff, on behalf of the class, prevails. . . ."

                2.      "Rights and Options" Chart

DSG also proposes several significant changes to a chart entitled, "WHAT ARE MY RIGHTS AND OPTIONS IN THIS MATTER?" In addition to the changes noted in the table below, DSG proposes moving the chart to immediately follow the section, "WHAT IS THE

5

LITIGATION ABOUT?", and to precede other sections answering the following questions: "WHAT IS A CLASS ACTION?," "WHAT RECOVERY DOES THE ACTION SEEK?," and "WHO REPRESENTS THE CLASS?" The table below reflects plaintiff's proposed language and defendant's proposed changes, using the same convention adopted above.

| 7. **WHAT ARE MY RIGHTS AND OPTIONS IN THIS ~~MATTER~~ *LAWSUIT*?** | | |
|---|---|---|
| ~~**OPTION 1**~~ | ~~Remain in the Class AND be represented by Capstone Law~~ *Do Nothing* | ~~If you wish to remain in the case, you do not need to do anything right now.~~ You will be automatically included as a member of the certified class and you will receive further notices as the case progresses. *Stay in the lawsuit. Give up rights but share in possible benefits.* *By doing nothing, you are choosing to stay in the Class.* If the Class obtains a favorable judgment or a settlement is reached, you may receive a portion of any monetary recovery. Whether the judgment is favorable or unfavorable to the Class, you will be bound by the result, and you will give up the right to separately sue Dick's for legal claims that are the same or related to those alleged in this lawsuit. You may also be called to testify at trial by either Plaintiff or Dick's, and/or to provide sworn deposition testimony in this matter. |
| ~~**OPTION 2**~~ | ~~Remain in the Class BUT retain your own lawyer~~ | ~~If you wish to remain in the case, but you want to hire your own attorney, you must notify Class Counsel, and whichever attorney(s) you choose must also notify the Court.~~ ~~If the Class obtains a favorable judgment or a settlement is reached, you may receive a portion of any monetary recovery. Whether the judgment is favorable or unfavorable to the Class, you will be bound by the result, and you will give up the right to separately sue Dick's for legal claims that are the same or related to those alleged in this lawsuit. You may also be called to testify at trial by either Plaintiff or Dick's, and/or to provide sworn deposition testimony in this matter.~~ |
| ~~**OPTION 3**~~ | ~~Exclude yourself from the Class~~ *Ask to be Excluded* | *Get out of the lawsuit. Retain your rights but give up possible benefits.* If you do not wish to participate in this case, you have the right to exclude yourself from the Class. <u>If you do not want to participate in the lawsuit,</u> ~~you must request to be excluded by either completing and mailing the enclosed Request for Exclusion Form to the court-appointed administrator at the address listed below, ,no later than [45 days after mailing].~~ [2] ~~If you request to be excluded,~~ you will retain the right to pursue your own claims against Dick's ~~with legal counsel of your choosing, but the statute of limitations on your claim will continue to run~~. You will not give up any rights or claims you may have by excluding yourself from this action. You will not be bound by any judgment or settlement reached in the class action. |

---

[2] DSG proposes deleting all of plaintiff's proposed underlining in this section. Pl.'s Ex. 1 at 9; DSG Ex. 2 at 12.

1  Pl.'s Ex. 1 at 8-9; DSG Ex. 2 at 12-13.

2  For the sake of clarity, the court accepts DSG's suggestion "lawsuit" replace
3  "matter" in the header.

4  The court rejects DSG's proposed deletion of the "Option 1," "Option 2" and
5  "Option 3" cells.  As to Option 1, the court accepts DSG's proposed "Do Nothing" to replace
6  "Remain in the Class AND . . . ."  Also as to option 1, the court rejects and accepts in part DSG's
7  proposed changes to Option 1's substantive text and requires the text to read:

> <u>If you wish to remain in the case, you do not need to do anything right now</u>. You will be automatically included as a member of the certified class and you will receive further notices as the case progresses.
>
> If the Class obtains a favorable judgment or a settlement is reached, you may receive a portion of any monetary recovery. Whether the judgment is favorable or unfavorable to the Class, you will be bound by the result, and you will give up the right to separately sue Dick's for legal claims that are the same or related to those alleged in this lawsuit. You may also be called to testify at trial by either Plaintiff or Dick's, and/or to provide sworn deposition testimony in this matter.

15  The court rejects DSG's proposed deletion of all text as part of Option 2, which
16  notifies a class member that he or she "may enter an appearance through an attorney if the
17  member so desires[.]"  *See* Fed. R. Civ. P. 23(c)(2)(B)(iv).  However, the court modifies
18  plaintiff's proposed language as follows: "If you wish to remain in the Class but want to hire
19  yourown attorney, you and your attorney must notify Class Counsel and the Court that you have
20  hired an attorney."  The balance of the Option 2 language should remain as proposed by plaintiff.

21  In addition, the court rejects all of DSG's proposed changes to the Option 3
22  language.

23  The court agrees with DSG's placement of the "Options" chart to immediately
24  follow the "WHAT IS THE LITIGATION ABOUT" section rather than at the end of the notice.
25  *See* MCL § 21.31 ("Counsel should logically order the information that will assist the class
26  member in making important decisions, such as whether to opt out of the class, object to a
27  settlement, or file a claim.").

28  /////

3. <u>DSG's Proposed Additions</u>

DSG also proposes two additional sections be added as the final two sections of the notice, immediately preceding the text reading, "PLEASE DO NOT CONTACT THE COURT REGARDING THIS MATTER":

> 8. **HOW DO I STAY IN THE CLASS?**
> You do not have to do anything at this time to stay in the Class.

> 9. **HOW DO I ASK TO BE EXCLUDED FROM THE CLASS?**
> If you do not want to stay in the Class, you must submit a Request for Exclusion no later than [45 days from mailing]. You may submit a Request for Exclusion in any of the following ways:
> · By email to [insert email address];
> · By text message to [insert phone number],
> · Online at [insert web address of online Request for Exclusion form here];
> · By telephone call to [insert phone number]; or
> · By U.S. Mail using the enclosed Request for Exclusion form.
> If you choose to request exclusion online, by email, or by text message, your request must be sent no later than [45 days from mailing] and must include the following information:
> · Your first and last name;
> · The following ID number: [insert ID number]
> · The following PIN number: [insert PIN number]
>
> If you choose to request exclusion by telephone call, you must do so no later than [45 days from mailing]. You will be asked to enter your ID and PIN numbers at the prompts.
>
> If you choose to request exclusion by U.S. Mail, the enclosed Request for Exclusion form must be postmarked by no later than [45 days from mailing].

DSG Ex. 2 at 14.

The court rejects DSG's proposed "HOW DO I STAY IN THE CLASS" section as duplicative of the earlier described options. The court accepts DSG's proposed "HOW DO I ASK TO BE EXCLUDED FROM THE CLASS" section with the following modifications: First, the section shall immediately succeed the section entitled "WHAT ARE MY RIGHTS AND OPTIONS IN THIS LAWSUIT? and immediately precede the section "WHAT IS A CLASS ACTION?" In addition, the notice must be revised to refer only to mail and email opt-out methods, as discussed below.

/////

/////

8

4. Changes Required by the Court

Although not requested by the parties, the court requires the following changes. In the section, "WHAT IS A CLASS ACTION?" the court strikes the parties' proposed language, as it is unnecessarily legalistic and potentially confusing. *See* Pl.'s Ex. 1 at 7; *see also* DSG Ex. 2 at 13. Instead, the following language shall be provided:

> In a class action lawsuit, one or more people called "Class Representatives" (in this case Jimmy Greer) sue on behalf of other people with similar claims. The people with similar claims are "Class Members." In a class action lawsuit, one court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

In addition, as the first sentence in the section "WHY SHOULD I READ THIS NOTICE?," the parties shall add: "Dick's Sporting Goods' records show that you currently work, or previously worked, for Dick's." *See* Pl.'s Ex. 1 at 6; DSG Ex. 2 at 11.

B. Opt-Out Form

The court accepts plaintiff's proposed opt-out form, Pl.'s Ex. 2, which will be included with the notice mailed to class members, with the following adjustments to the second sentence: (1) the word "back" should be deleted and (2) the claims administrator's mailing address should be provided at the end of the sentence. Accordingly, the latter half of the second sentence should read, "you must complete and sign this form and mail it to the Claims Administrator at [address] before [date]."

The court rejects DSG's proposal, which could be interpreted to suggest a class member is merely requesting to opt-out, rather than affirmatively opting-out by sending the notice. *See* DSG Ex. 4.

C. Third Party Administrator and Estimated Costs

Plaintiff proposes CPT Group, Inc. ("CPT") as its third-party administrator. Mot. at 7. After reviewing the declaration of CPT's senior vice president of operations, Green Decl., ECF No. 55-2, and accompanying material on CPT's experience, Ex. A, Green Decl., the court is satisfied that CPT is an experienced administrator. *See, e.g.*, *Sequeira Ruiz v. JCP Logistics, Inc.*, No. SACV131908JLSANX, 2016 WL 6156211, at *7 (C.D. Cal. Mar. 10, 2016) (collecting cases

and finding CPT Group qualified to administer class notice and claim administration procedure in settlement).

CPT Group estimates $12,000 in estimated mailing costs, excluding a $2,500 interactive website charge to which plaintiff objects; it estimates an additional $3,105.56 in other costs, including skip traces, remailing, live call center support and tracking of opt-outs. Ex. B, Green Decl. Plaintiff will pay the $12,605 in notice costs. Mot. at 7; *see Eisen*, 417 U.S. at 177 (plaintiff typically bears cost of notice).

Although the court finds CPT is a qualified administrator, neither the briefing nor CPT's materials sufficiently explain CPT's processes for confirming class members' mailing addresses and processing mail returned as undeliverable. The court is not satisfied by the mere inclusion of skip tracing and remailing costs in CPT's estimate. Plaintiff is ORDERED to provide the court with a supplemental explanation of up to five pages correcting this omission within **fourteen days** of this order.

D. Opt-Out Procedures

"[D]ue process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court." *Phillips Petroleum, Co.*, 472 U.S. at 812. "The opt-out procedure should be simple and should afford class members a reasonable time in which to exercise their option." MCL § 21.321.

The parties dispute the opt-out procedures to be made available to class members. DSG argues opt-out methods should reflect "the way that people communicate in this century," and proposes members be permitted to opt-out through a website, email, text message and mail. Opp'n at 10. Plaintiff argues this "muti-prong opt-out procedure . . . is simply unnecessary and unwarranted," and complains of "complications and significant costs" and potential "issues verifying the identity of the message's source and whether [a] message constitutes a legally binding request for exclusion from the class." Mot. at 9; *see also* Green Decl. ¶ 9 ("In CPT's experience, Exclusion Requests have not been permitted via text message."). Plaintiff argues the
/////

1 | opt-out form it proposes to send along with the notice, which class members may fill out and
2 | return by U.S. Mail, satisfies due process requirements. Mot. at 8-9.

The court is not persuaded by DSG's argument that allowing class members to opt-out through U.S. Mail "is essentially to allow no effective opt out at all." *See* Opp'n at 10. U.S. Mail offers a simple opt-out procedure that, despite DSG's contentions, remains a means of communication even "in this century." *See id.*; *see also* MCL § 21.321 (noting opt-out method should be "simple"). Although other opt-out procedures may be made available to the extent practicable, DSG has not shown permitting class members to opt-out only through U.S. Mail violates due process considerations or inadequately serves the purpose of "insur[ing] that the judgment, whether favorable or not, would bind all class members who did not request exclusion from the suit . . . ." *See Eisen*, 417 U.S. at 177. Accordingly, the court finds notice by U.S. Mail is sufficient and rejects DSG's contention the court must order plaintiff to provide electronic opt-out methods.

Nonetheless, DSG obtained a $300 estimate from CPT to provide an email opt-out method, and DSG offers to pay the $300 cost. *See* DSG Green Decl., ECF No. 56-2; Opp'n at 13 n.6. At hearing, plaintiff's counsel confirmed plaintiff does not object to including an email opt-out option if DSG pays the associated costs, and DSG reaffirmed its willingness to pay CPT's $300 fee. While the email opt-out method is not required, the court finds no reason to refuse such a method when the parties agree in this way.

Accordingly, in addition to submitting a signed opt-out form by U.S. Mail, class members may opt out through a secure email allowing verification that the person opting out is the potential class member associated with the email. The class notice should reflect these options and remove reference to all other opt-out methods not approved by the court.

IV. <u>MEET AND CONFER ORDER</u>

The parties are ORDERED to meet and confer to implement changes required in this order and jointly file an updated class notice and opt-out form incorporating the court's required changes within **fourteen days** of this order. In addition, the filing may include each

/////

party's objections, if any, to the court's revisions. Any such objections should be explained concisely and should not be filed as a formal brief.

After receiving and reviewing the parties' joint filing, the court will issue an order noting additional changes, if any, approving the notice and issuing a notice plan. As discussed at hearing, DSG should be prepared to provide class information within ten days of the court's order approving the notice and issuing a notice plan.

IT IS SO ORDERED.

DATED: February 7, 2018.

UNITED STATES DISTRICT JUDGE